IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No. 6:26-cv-01488-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of Plaintiff's complaint filed pursuant to

42 U.S.C. § 1983.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge

Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation

("Report").  On May 13, 2026, the Magistrate Judge issued a Report recommending that

this action be dismissed with prejudice and that prefiling restrictions be issued.  ECF No.

10.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing

objections to the Report and the serious consequences for failing to do so.  Plaintiff filed

objections, two letters, and an affidavit.[1]  ECF Nos. 12, 14, 15, 16.

---

[1] The Court notes that the letters and affidavit concern Plaintiff's criminal prosecution and do not directly address the Report.  Nevertheless, to the extent any portion of these documents should be considered as objections, the Court has so considered them.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court begins with a discussion of the merits of the present action and then will address the recommended prefiling restrictions. Here, the Magistrate Judge recommends dismissal of this action because Plaintiff has failed to make personal allegations against Defendant and because he has failed to state a plausible deliberate indifference to serious medical needs claim. The Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. As stated above, Plaintiff filed objections to the Report; therefore, the Court's review has been de novo.

2

With respect to the Magistrate Judge's recommendation that this action be dismissed for failure to make personal allegations against Defendant, Plaintiff objects and asserts that Defendant is personally responsible for his lack of medical treatment. The Court finds that these allegations are insufficient as Plaintiff mainly restates the elements of the claim as recited by the Magistrate Judge. He does contend that Defendant knew of his need for surgery because of the emails from Prisma regarding his surgery. ECF No. 12 at 5. He also states that jail staff was engaged in emailing with Prisma about his surgery; however, "the administration of the jail" ignored the emails. *Id.* at 1. The Court believes that these allegations without more are insufficient to state a plausible claim for relief as it is unclear who received or sent emails from the jail.[2]

Regardless, the Court notes that Plaintiff clarifies in his objections that he is only seeking injunctive relief in this action. The Fourth Circuit has recognized that "federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). To obtain such an injunction, Plaintiff must show (1) irreparable injury, (2) that remedies at law "are inadequate to compensate for that injury," (3) "the balance of hardships between the plaintiff and defendant" warrants a remedy, and (4) an injunction would not disserve the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Where a § 1983 plaintiff seeks injunctive relief, such relief cannot be granted absent the plaintiff's showing that there is a "real or immediate threat that [he]

---

[2] The Court notes that Plaintiff objected to some of the Magistrate Judge's recitation of facts. It is unnecessary to resolve this issue in order to rule on this action.

will be wronged again . . . in a similar way." *Simmons*, 47 F.3d at 1382 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Additionally, the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1), "provides that 'in any civil action with respect to prison conditions . . . [t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'" *Porter v. Clarke*, 923 F.3d 348, 366 (4th Cir. 2019) (quoting 18 U.S.C. § 3626(a)(1)), *as amended* (May 6, 2019).

Here, Plaintiff has made no such showing. Accordingly, he has failed to state a plausible claim for relief. Thus, the Court agrees with the recommendation of the Magistrate Judge and further declines to exercise supplemental jurisdiction over any state law claims.

Turning to the discussion of prefiling restrictions by the Magistrate Judge, the Court does not believe that Plaintiff has specifically objected to this portion of the Report. Nevertheless, the Court has conducted a de novo review of this discussion. Upon such review, the Court adopts and incorporates the Magistrate Judge discussion of the factors articulated in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published). Specifically, the Court notes that Plaintiff is a frequent, vexatious filer; that he lacks a good-faith basis for repeatedly asserting the same claims; that the Court has expended considerable effort in handling his cases; and that alternative sanctions would

4

not be adequate under the circumstances.  Accordingly, the Court imposes the following

prefiling restrictions on future filings by Plaintiff:

1.  For any non-habeas actions commenced by Plaintiff in this Court, Plaintiff is required to submit the full filing fee of $405.00 to the Clerk of Court at the time of his initial filing. In every non-habeas action commenced by Plaintiff, he must also submit a signed and notarized affidavit (under penalty of perjury) certifying that the action is not frivolous.

    If a filing by Plaintiff is not accompanied by a full filing fee and the above affidavit, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the assigned United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process.

    In any case where an order of dismissal is entered based on the above prefiling restrictions, the only document that may be filed in the case by Plaintiff after the order of dismissal is entered is a notice of appeal.

2.  For any habeas actions commenced by Plaintiff in this Court about state criminal charges with case numbers 2021A2320500775, 2021A2320500776, 2023A2330210443, 2024A2330202682, and 2024A2330202683 where the charges do not show a disposition (i.e. the charges remain pending in the General Sessions Court), Plaintiff is required to submit the full filing fee of $5.00 to the Clerk of Court at the time of his initial filing. Plaintiff must also submit a signed and notarized affidavit (under penalty of perjury) certifying that the action is not frivolous.

    If a habeas filing by Plaintiff (involving charges that remain pending, listed above, in the General Sessions Court) is not accompanied by the full filing fee and an affidavit as outlined above, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the

5

assigned United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process.

In any case where an order of dismissal is entered based on the above prefiling restrictions, the only document that may be filed in the case by Plaintiff after the order of dismissal is entered is a notice of appeal.

3. These filing restrictions do not apply to any criminal case in the United States District Court for the District of South Carolina for which Plaintiff is named as a defendant.

4. Plaintiff may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

## **CONCLUSION**

Therefore, as the Court is of the opinion that Plaintiff cannot cure the defects listed above, this action is dismissed with prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). The Court further imposes the prefiling restrictions listed above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 13, 2026
Spartanburg, South Carolina

6